# EXHIBIT 1

**State Farm General Insurance Company**
A Stock Company with Home Offices in Bloomington, Illinois
900 Old River Rd.
Bakersfield, CA 93311-9501

AT1                    A-02- 2728-FA4C      L      F
                007999  0001
ABRAHAM, LIOR
170 KING ST UNIT 611
SAN FRANCISCO CA  94107-4912

ST-
0101-0000

SFPP No:1111569202

**Forms and Endorsements**
Personal Liability Umbrella          FP-7950.2
Amendatory Endorsement               FE-5835.1
Fuel Oil Exclusion                   FE-5837

138-3076 f.8 10-11-2010 (012086b)

---

## RENEWAL CERTIFICATE

| POLICY NUMBER | 05-BY-L969-6 |
|---|---|

Personal Liability Umbrella Policy
FEB 28 2018  to  FEB 28 2019

BILLED THROUGH SFPP

**COVERAGES AND LIMITS**

| | | |
|---|---|---|
| L  Personal Liability | | $5,000,000 |
| Self-Insured Retention | | None |

**UNDERLYING EXPOSURES**
Our records show the following underlying
information.  This information was used in
determining the rate of the policy.

**AUTOMOBILE EXPOSURES**

| | |
|---|---|
| Automobile(s) | 1 |
| Automobile Operator(s) | 1 |

**OTHER LIABILITY EXPOSURES**
Personal Residential

| **Annual Premium** | $819.00 |
|---|---|

---

*Notify your agent immediately if the above listed Coverages and/or Underlying Exposures are incorrect.
Your Coverages and/or bill can be affected if this information is not correct.

Required Underlying Insurance on reverse side

*Thanks for letting us serve you...*

N          21262    901   I
008

**Agent**  WHITTAKER INS AGCY INC
**Telephone** (408) 255-3212

*Moving? See your State Farm agent.
See reverse for important information.*
REP                    Prepared   JAN 03 2018

SFLABR_000494

**CONTINUED FROM FRONT**

**Required Underlying Insurance**

(Terms in Bold in this section are defined in the policy)

Minimum Underlying Limits

| Type of Policy | Combined Limits (Bodily Injury and Property Damage) | or | Split Limits | |
|---|---|---|---|---|
| **Automobile Liability** | $500,000 | Bodily Injury- | $250,000 | Per Person |
| | | | $500,000 | Per Accident |
| | | Property Damage- | $100,000 | Per Accident |
| **Recreational Motor Vehicle Liability** Including Passenger Bodily Injury | $500,000 | Bodily Injury- | $250,000 | Per Person |
| | | | $500,000 | Per Accident |
| | | Property Damage- | $100,000 | Per Accident |
| **Personal Residential Liability** | $100,000 | | | |
| **Watercraft Liability** | $100,000 | | | |

**NOTICE TO POLICYHOLDER:**

Policy changes requested before the "Date Prepared", which appear on this notice, are effective on the Effective Date of this policy unless otherwise indicated by a separate endorsement, binder, or amended declarations. Any coverage forms attached to this notice are also effective on the Effective Date o f this policy.

Policy changes requested after the "Date Prepared" will be sent to you as an amended declarations or as an endorsement to your policy. Billing for any additional premium for such  changes will be mailed at a later date.

Please keep this with your policy.

303  Rev. 08-01-2006   (o1r3092a)   o1f0021b

SFLABR_000495



State Farm®
**Personal Liability
Umbrella Policy**

FP-7950.2

SFLABR_000496

**TABLE OF CONTENTS**

**DECLARATIONS**

Your Name
Your Mailing Address
Policy Period
Limit of Liability
Self Insured Retention
Required Underlying Insurance Policies

**Beginning on Page**

**AGREEMENT** ..................................................................................................................1

**DEFINITIONS** .................................................................................................................1

**MAINTAINING REQUIRED UNDERLYING INSURANCE** .......................................5

**COVERAGES**
    Coverage L – Personal Liability .............................................................6
    Additional Coverages .............................................................................6

**EXCLUSIONS** .................................................................................................................7

**DUTIES AFTER LOSS** ..................................................................................................10

**CONDITIONS** .................................................................................................................10

FP-7950.2

Printed in U.S.A.

SFLABR_000497

## PERSONAL LIABILITY UMBRELLA POLICY

### AGREEMENT

1. **We** agree to provide the insurance described in this policy:

   a. based on **your** payment of premium for the coverages **you** chose;

   b. based on **your** compliance with all provisions of this policy; and

   c. in reliance on the truthfulness of **your** statements on the declarations page and in the application for this policy.

2. **You** agree that:

   a. **you** will pay premiums when due and comply with all provisions of this policy; and

   b. the statements on the declarations page and in the application for this policy are **your** statements and are true.

3. When **you** request changes to this policy or to **required underlying insurance**, or the information or factors used to calculate the premium for this policy changes during the policy period, **we** may adjust the premium in accordance with the change during the policy period and **you** must pay any additional premium due within the time **we** specify.

4. **Your** policy consists of the policy booklet, the declarations page, any endorsements issued to amend **your** policy, and any amendments included in **your** renewal certificates. **Your** policy contains all of the agreements between **you** and **us** and any of **our** agents.

### DEFINITIONS

**We** define the words and phrases listed below. Defined words and phrases are printed in bold text, and apply throughout the policy. These definitions apply to the singular, plural, and possessive forms of these words and phrases.

1. "**automobile**" means a land motor vehicle or trailer, designed for use primarily on public roads.

   **Automobile** does not include:

   a. **recreational motor vehicles**;

   b. truck tractors designed to pull any type of trailer;

   c. truck tractor trailers; or

   d. farm tractors, farm trailers or farm implements.

2. "**bodily injury**" means physical injury, sickness or disease to a person, including death resulting therefrom.

   **Bodily injury** does not include:

   a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person;

   b. the exposure to any such disease, bacteria, parasite, virus, or other

1

organism by any **insured** to any other person;

c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person; or

d. **personal injury**.

3. "**business**" means a trade, profession or occupation, including farming.

4. "**business property**" means premises that:

a. a **business** is conducted on or from;

b. is rented to others or held for rental, in whole or in part;

c. at one time was rented to others or held for rental by any **insured** but is currently being held for sale or other disposition; or

d. is held for sale or other disposition in conjunction with a **business** pursuit.

5. "**fungus**" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi. For the purposes of this definition and its application to this policy, **fungus** is not considered a pollutant.

6. "**insured**" means:

a. **you** and **your relatives** whose primary residence is **your** household;

b. any other human being under the age of 21 whose primary residence is **your** household and who is in the care of a person described in 6.a.;

c. any other person or organization to the extent they are liable for the use of an

automobile, recreational motor vehicle or watercraft by a person included in 6.a. or 6.b.

However, any such person or organization is not an **insured** if:

(1) the use is in the course of a **business** that sells or services **automobiles**, **recreational motor vehicles** or watercrafts; or

(2) such person or organization owns, leases or rents the **automobile**, **recreational motor vehicle** or watercraft.

7. "**loss**" means:

a. an accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

b. the commission of an offense which first results in **personal injury** during the policy period. A series of similar or related offenses is considered to be one **loss**.

8. "**personal injury**" means injury other than **bodily injury** arising out of one or more of the following offenses:

a. false arrest, false imprisonment, wrongful eviction, wrongful detention of a person;

b. abuse of process, malicious prosecution;

c. libel, slander, defamation of character; or

2

d. invasion of a person's right of private occupancy by physically entering into that person's personal residence.

9. "**private automobile**" means:

    a. an **automobile** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry persons and their luggage; or

    b. a pickup truck, van, minivan, or sport utility vehicle:

        (1) that is not used for wholesale or retail pickup or delivery; and

        (2) that has a Gross Vehicle Weight Rating of 12,000 pounds or less.

10. "**property damage**" means physical damage to or destruction of tangible property, including the loss of use of such property. Tangible property does not include computer programs or data or the reconstruction of computer programs or data. Theft or conversion of property by an **insured** is not **property damage**.

11. "**recreational motor vehicle**" means a land motor vehicle primarily designed both for use off public roads and for recreational purposes. This includes, but is not limited to, any all terrain vehicle, amphibious vehicle, dune buggy, go-cart, golf cart, minibike, personal assistive mobility device, snowmobile, or trail bike.

12. "**relative**" means any person related to **you** by blood, adoption, or marriage.

13. "**required underlying insurance**" means the following types of insurance policies when shown on the declarations page:

    a. With respect to all **automobiles** or **recreational motor vehicles** which are owned by, leased to, rented to, or available for the regular and frequent use of any **insured**:

        (1) "**Automobile Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability arising out of the ownership, operation, maintenance or use of any **automobile**. That policy must include Uninsured and/or Underinsured Motor Vehicle coverage if Uninsured and/or Underinsured Motor Vehicle coverage is shown on the declarations page of this policy. **Automobile Liability** does not include a **Recreational Motor Vehicle Liability** as defined in item (2) below.

        (2) "**Recreational Motor Vehicle Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability, including passenger **bodily injury**, arising out of the ownership, operation, maintenance or use of a **recreational motor vehicle**. That policy must include Uninsured and/or Underinsured Motor Vehicle coverage if Uninsured and/or Underinsured Motor Vehicle coverage is shown on the declarations page of this policy.

    b. "**Watercraft Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability arising out of the ownership, operation, maintenance or use of any watercraft. **Watercraft Liability** is only **required underlying insurance** with respect to watercraft which are owned by or available for the regular and frequent

SFLABR_000500

use of any **insured** within the meaning of part a. or b. of the definition of **insured**.

c. "**Personal Residential Liability**" means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of a premises as **your** residence.

d. "**Personal Farm Liability**" means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of a premises as **your** residence and the ownership, operation, maintenance or use of **your** farm.

e. "**Residential Rental Liability**" means **your** policy which provides coverage for liability arising out of the ownership, maintenance or use of **your** residential rental property which is occupied by others.

f. "**Business/Office Premises Liability**" means **your** policy which provides coverage for liability arising out of **your business** or the ownership, operation, maintenance or use of an office solely occupied by **you**.

g. "**Employers Liability**" means **your** policy which provides coverage for liability arising out of **bodily injury** sustained by **your** employees during the course of their employment by **you**.

h. "**Professional Liability**" means **your** policy which provides coverage for liability arising out of the rendering or failure to render professional services, negligent acts, errors or omissions in the practice of **your** profession shown on the declarations page of this policy.

14. "**retained limit**" means the sum of:

a. the amount paid or payable by any other insurance policy for the **loss**;

b. the amount the **insured** is required to pay for the **loss** as provided in the MAINTAINING REQUIRED UNDERLYING INSURANCE section of this policy; and

c. the amount shown on the declarations page as the "Self-Insured Retention". This amount only applies if an **insured** has no **required underlying insurance** or an **insured's required underlying insurance** does not provide any coverage for the **loss**.

15. "**you**" and "**your**" mean the person or persons shown as "Named Insured" on the declarations page. If a named insured shown on the declarations page is a human being then **you** and **your** includes the spouse of the first person listed as a named insured if the spouse resides primarily with that named insured.

16. "**we**", "**us**" and "**our**" mean the Company shown on the declarations page.

4

SFLABR_000501

## MAINTAINING REQUIRED UNDERLYING INSURANCE

**Required underlying insurance** must be maintained at all times in an amount at least equivalent to the Minimum Underlying Limits shown on the declarations page.

The **insured** is required to pay:

1. the difference between the Minimum Underlying Limits shown on the declarations page, and the amount paid for the **loss** by **required underlying insurance** if the **required underlying insurance**:

   a. limits the amount it will pay in one year;

   b. has limits in an amount less than the Minimum Underlying Limits shown on the declarations page;

   c. has limits in an amount shown on the declarations page as **required underlying insurance**, but it provides reduced limits for that **insured** seeking coverage under this policy; or

   d. amount is not paid in full because the insurer providing **required underlying insurance** is or becomes insolvent.

2. the Minimum Underlying Limits shown on the declarations page if the:

   a. insurer providing the **required underlying insurance** makes no payment because it is or becomes insolvent, and no payment is made by a state, provincial or association guarantee fund because that insurer is or becomes insolvent;

   b. **insured**:

   (1) does not qualify as an insured under the **required underlying insurance**;

   (2) qualifies as an insured under the **required underlying insurance**, but an exclusion or other policy provision applies that eliminates coverage under the **required underlying insurance** for that **insured**;

   c. **required underlying insurance**:

   (1) is not in force;

   (2) does not provide coverage because a claim is not made while that policy is in effect or within the required time period stated in that policy;

   (3) does not provide coverage when an **insured** operates an **automobile** or **recreational motor vehicle** outside the United States of America, its territories and possessions, or Canada.

   However, item c.(3) above, does not apply if an **insured** purchases or is provided **Automobile Liability** or **Recreational Motor Vehicle Liability** insurance in an amount at least equivalent to the otherwise applicable **required underlying insurance** or, if the Minimum Underlying Limits shown on the declarations page are not available, the highest available limit.

5

## COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**. The most **we** will pay for such **loss** is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of **insureds** who may be liable, claims made, or persons injured.

### Defense

If a suit is brought against any **insured** for damages because of a **loss** to which this policy applies, **we** will provide a defense to the **insured** at **our** expense by counsel of **our** choice when the basis for the suit is a **loss** that is not covered by any other insurance policy but is covered by this policy. **We** have no duty to defend any claim or suit after **we** tender, deposit in court, or pay the amount due under this policy.

### Our Rights

**We** have the right to:

a. investigate, negotiate and settle any claim or suit that **we** decide is appropriate;

b. defend the **insured** in any claim or suit, by counsel of **our** choice; and

c. appeal any award or legal decision.

### ADDITIONAL COVERAGES

When **we** provide a defense to an **insured** at **our** expense by counsel of **our** choice for a **loss** that is not covered by any other insurance policy, but is covered by this policy, **we** will pay the following in addition to the Coverage L Limit of Liability, but only until **we** tender, deposit in court, or pay the amount due under this policy:

1. expenses **we** incur in defending the suit;

2. premiums on bonds required to defend the suit, but not for bond amounts greater than the Coverage L Limit of Liability. **We** are not obligated to apply for or furnish any bond;

3. reasonable expenses any **insured** incurs at **our** request. This includes:

   a. actual loss of earnings, but not loss of other income, up to $200 for each day an **insured** attends at **our** request;

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a suit; and

   b. reasonable expenses incurred by **our insured** at **our** request other than loss of earnings or other income;

4. costs taxed against an **insured** in a suit **we** defend. Costs do not include attorney fees;

5. prejudgment interest, when owed by law, on that part of the judgment covered by this policy; and

6. interest on the entire judgment which accrues after entry of the judgment but only until **we** tender, deposit in court, or pay the amount due under this policy. **We** will not pay interest on damages paid or payable by a party other than the **insured** or **us**.

6

SFLABR_000503

## EXCLUSIONS

There is no coverage under this policy for any:

1.  **loss** involving any **insured's** maintenance, use, ownership, loading or unloading of any:

    a.  locomotive, unless **your required underlying insurance** for **Personal Residential Liability** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

    b.  aircraft;

    c.  truck tractors designed to pull any type of trailer;

    d.  truck tractor trailers; or

    e.  farm tractors, farm trailers or farm implements while used in farming operations;

2.  **loss** arising out of any **insured** providing or failing to provide a professional service;

3.  **loss** arising out of alleged or actual:

    a.  sexual harassment;

    b.  sexual molestation; or

    c.  discrimination prohibited by law;

    by the **insured**;

4.  **loss** arising out of any **insured's** act or omission as a member of a corporation's board of directors. This exclusion does not apply if:

    a.  the corporation is a not-for-profit corporation; and

    b.  the **insured** is not an employee or officer of the corporation;

5.  **loss** arising out of any contamination or pollution unless **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

6.  **loss** arising out of any **insured's business property** or **business** pursuits of any **insured**, unless:

    a.  (1) the **loss** does not involve any land motor vehicle or watercraft; and

        (2) **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

    b.  the **loss** involves a **private automobile** used for **business** pursuits, and:

        (1) **required underlying insurance** for **Automobile Liability** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

        (2) the **private automobile** is not for hire either for the use of others or for carrying the property of others; and

        (3) the **private automobile** is not used to carry passengers for a charge in connection with any **business** pursuit; or

7

c.  the **loss** involves a watercraft used for **business** pursuits, and:

(1) **required underlying insurance** for **Watercraft Liability** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

(2) the watercraft is not for hire either for the use of others or for carrying the property of others; and

(3) the watercraft is not used to carry passengers for a charge in connection with any **business** pursuit;

7.  **loss** arising out of:

a.  nuclear reaction;

b.  radiation or radioactive contamination from any source; or

c.  any detonation of, or release of radiation from, any nuclear or radioactive device;

8.  **loss** arising out of:

a.  the entrustment to any person by any **insured**;

b.  the supervision of, or the failure to supervise, any person by any **insured**, with regard to the ownership, maintenance or use; or

c.  any liability imposed by an owner's liability statute or similar law on any **insured,** with regard to the ownership, maintenance or use;

of any **automobile**, **recreational motor vehicle**, watercraft, aircraft or any other motorized vehicle, unless **required underlying insurance** applies to the **loss**

and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

9.  **loss** involving a watercraft or motorized land vehicle, and arising out of any **insured's** participation in, preparation or practice for any:

a.  race contest or competition;

b.  speed contest or competition;

c.  demolition contest or competition;

d.  hill climbing contest or competition; or

e.  jumping contest or competition;

whether or not any of these are formally organized or prearranged.

However, this exclusion does not apply to watercraft if the **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page;

10. **loss** sustained while an **automobile** or **recreational motor vehicle** is driven or operated by an **insured**, other than **you**, who is excluded by a named driver or operator exclusion or any similar exclusion under any **required underlying insurance**, even if coverage is provided by another policy;

11. **loss** arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any **fungus** at or from any source or location; or **loss**, cost or expense arising out of any:

a.  request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or

8

SFLABR_000505

dispose of or in any way respond to or assess the effects of **fungus**; or

b. claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of **fungus**;

12. claim made or suit brought against any **insured** because of **bodily injury** or **personal injury** to any person who is in the care of any **insured** because of compensated child care services provided by or at the direction of:

a. any **insured**;

b. an employee of any **insured**; or

c. any other person actually or apparently acting on behalf of any **insured**.

This exclusion does not apply to the part-time child care services provided by any **insured** who is 18 years of age or younger and the services are not provided on **business property**;

13. **bodily injury** or **personal injury** to any **insured** as defined in part a. or b. of the definition of **insured**, including any claim made or suit brought against any **insured** to share damages with or repay someone else who may be obligated to pay damages because of such **bodily injury** or **personal injury**;

14. **bodily injury** or **property damage** which is:

a. either expected or intended by the **insured**; or

b. the result of any willful and malicious act of the **insured**;

15. **bodily injury** to a person if the **insured** is required to provide or elects to provide that person benefits under a workers' compensation, non-occupational disability, or occupational disease law;

16. **bodily injury** arising out of the exposure to, ingestion or inhalation of, lead or lead compounds;

17. **personal injury** when the **insured** acts with specific intent to cause any harm;

18. **property damage** to:

a. property owned by any **insured** on the date of **loss**; and

b. **automobiles** and aircraft owned by, registered to, leased to, rented to, used by, in the care of, or transported by any **insured**;

19. liability imposed on or assumed by any **insured** through any unwritten or written agreement;

20. liability for any **insured's** share of any charge assessed against **all** members of any type of association of property owners; or

21. order of restitution issued by a court in a criminal proceeding or equitable action.

9

SFLABR_000506

## DUTIES AFTER LOSS

In the event of a **loss** for which this policy may provide coverage, all **insureds** seeking coverage must:

1. immediately notify **us** of such **loss.** The notice must give **us**:

   a. reasonably available information on the time, place and circumstances of the **loss**; and

   b. names and addresses of any claimants and witnesses; and

   c. the name of the insurer and identification number of any other policy providing insurance;

2. immediately notify **us** and any other insurer providing insurance of any claim or suit filed against the **insured** and send **us** and such insurer every demand, notice, summons and other process received related to the claim or suit;

3. at all times, help and cooperate with **us** and any other insurer providing insurance, and at **our** request, assist in:

   a. making settlement;

   b. the enforcement of any right of contribution or indemnity against a person or organization who may be liable to the **insured**;

   c. the conduct of suits and attend depositions, hearings and trials;

   d. securing and giving evidence; and

   e. locating and getting witnesses to attend depositions, hearings, and trials.

## CONDITIONS

1. **Appeals**. **We** may appeal any award or legal decision against any **insured** or **us**.

2. **Assignment**. Any assignment of this policy will be valid only after **we** give **our** written consent.

3. **Bankruptcy**. Bankruptcy or insolvency of an **insured** or his or her estate shall not relieve **us** of **our** obligations under this policy.

4. **Cancellation**. This policy may be cancelled by **you** or **us** at any time during the policy period.

   a. **You** may cancel by giving advance written notice to **us** or **our** agent of the date the cancellation is to take effect. If **you** cancel, the refund of any unearned premium will be based on **our** rules for cancellation. **We** may waive the requirement that the notice be in writing by confirming the date and time of cancellation to **you** in writing.

   b. If **we** choose to cancel the policy, **we** will mail or deliver to **your** last known address notice of cancellation at least:

      (1) 10 days prior to the date of cancellation, if the cancellation is for nonpayment of premium;

      (2) 30 days prior to the date of cancellation, if the cancellation is for a reason other than nonpayment of premium.

10

SFLABR_000507

The refund of any unearned premium will be prorated. Proof of mailing will be sufficient proof of notice.

Delay in the return of any unearned premium does not change the cancellation date.

5. **Conformity to State or Provincial Law.** When a policy provision is in conflict with the applicable law of the state or province in which this policy is issued, the law of such state or province will apply.

6. **Death.** If **you** die, this policy will cover as an **insured**, **your** estate and **your** personal representative while acting on behalf of **your** estate, until this policy is terminated. This applies only with respect to a **loss** arising out of the premises and property that are part of the estate and then only if **you**, while living, would have had coverage.

7. **Insolvency.** When coverage is not available from any **required underlying insurance** because the company issuing such policy is or becomes insolvent, this policy will not replace coverage of the insolvent company or any state, provincial or association guarantee fund available for the **loss**.

8. **Joint and Individual Interests**. When there are two or more named insureds, each acts for all to cancel or change the policy.

9. **Liberalization Clause.** If **we** revise the language of this policy to broaden coverage for no additional premium in the state or province in which **your** policy is issued, the broadened coverage will apply to **your** policy on the date the change is effective in such state or province.

10. **Non-Renewal. We** may elect not to renew this policy by delivering or mailing written notice to **your** last known address. The notice will be delivered or mailed at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

11. **Notification for Underwriting Purposes**. If any **required underlying insurance** limits are used up, reduced, suspended or cancelled, **you** must notify **us** immediately, and immediately replace the coverage. Providing this notification does not alter an **insured's** obligation to comply with the MAINTAINING REQUIRED UNDERLYING INSURANCE section of this policy.

12. **Other Insurance**. The coverage provided by this policy is excess over all other insurance and self insurance.

13. **Policy Period**. This policy applies only to a **loss** which first occurs during the policy period shown on the declarations page or renewal certificate.

14. **Recovery**. **Insureds** must do all that they can to preserve their rights of recovery, including rights of indemnity or contribution. These rights will belong to **us** up to the amount **we** pay for a **loss**.

15. **Suit Against Us**. No action may be brought against **us** unless all **insureds** have complied with all policy provisions.

No one has the right to join **us** as a party to an action against an **insured**. Further, no action may be brought against **us** until the obligation of the **insured** has been determined by final judgment after an actual trial, including all appeals, or agreement signed by **us**.

11

SFLABR_000508

16. **Voluntary Payments and Obligations**. The **insured** may not, except at the **insured's** own cost, voluntarily make payments, assume obligations or incur expenses.

17. **Waivers**. Waivers of **our** rights under this policy are only valid if **we** consent in writing.

IN WITNESS WHEREOF, this Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yowell*

Secretary

President

The Board of Directors, in accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment are proper.

12

SFLABR_000509

FE-5835.1
Page 1 of 1

## FE-5835.1 AMENDATORY ENDORSEMENT
### (California)

**DEFINITIONS**

The definition "**you**" and "**your**" is changed to read:

"**you**" and "**your**" mean the person or persons shown as "Named Insured" on the declarations page. If a named insured shown on the declarations page is a human being then **you** and **your** includes the spouse or registered domestic partner under California Law of the first person listed as a named insured if the spouse or registered domestic partner under California Law resides primarily with that named insured.

**CONDITIONS**

**Cancellation**

Reference to "30 days" notice in b.(2) is changed to "45 days" notice.

**Non-Renewal**

Reference to "30 days" notice is changed to "45 days" notice.

**IN WITNESS WHEREOF**

The last section of your policy which begins, "IN WITNESS WHEREOF," is changed to read:

IN WITNESS WHEREOF, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by our duly authorized Agent of this Company at the agency hereinbefore mentioned.

Secretary                                                    President

The Board of Directors, in accordance with Article VI (c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment are proper.

FE-5835.1

©, Copyright, State Farm Mutual Automobile Insurance Company, 2009

SFLABR_000510

## FE-5837 FUEL OIL EXCLUSION ENDORSEMENT

**EXCLUSIONS**

The following exclusion is added:

> **We** do not provide any coverage under this policy for any **loss** arising out of the actual, alleged or threatened discharge, seepage, leakage, migration, dispersal, spill, release, emission, escape, leaching or disposal of fuel oil.

FE-5837

SFLABR_000511

 **StateFarm**

## Certified Policy Record

I, the undersigned, do hereby confirm that i am custodian of the records pertaining to the issuance of policies by State Farm General Insurance Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 05-BY-L969-6 including any endorsements, if applicable, for the policy term(s) 02/28/2018 - 02/28/2019 and insuring ABRAHAM, LIOR based on available records.

The policy was in effect on the loss date of 05/01/2018.

Lidia Diaz
Underwriter
Date: 07/13/2020

1004516

2000  143551  200  03-21-2012

SFLABR_000512

**END OF PRINT FOR CLAIM 05-07B5-73W**

State Farm Insurance Companies
FOR INTERNAL STATE FARM USE ONLY
Contains CONFIDENTIAL information which may not be disclosed without express written authorization.

SFLABR_000513