UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIOR ABRAHAM,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 22-cv-01600-JST<br><br>**ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 30 & 34 |

Before the Court are the parties' motions for summary judgment. ECF Nos. 30 & 34. The Court will deny Plaintiff Lior Abraham's motion, and the Court will grant Defendant State Farm General Insurance Company's ("State Farm") motion.

I.    **BACKGROUND**

Plaintiff Lior Abraham purchased two insurance policies from State Farm: a Renters Policy for the policy period February 28, 2018 to February 28, 2019, and a Personal Liability Umbrella Policy for the policy period of March 11, 2018 to March 11, 2019 (collectively, "Policies"). ECF No. 32 ¶¶ 4-5; *see* ECF No. 32-1 & 32-2. On May 5, 2020, Abraham's counsel sent a tender letter to State Farm for defense and indemnity under the Policies because Abraham had been accused of sexual assault. ECF No. 32-5. The letter enclosed a copy of a cease-and-desist letter from the Cooperative Restraining Order Clinic, which alleged that Abraham engaged in sexual misconduct against Jane Doe on multiple occasions. ECF No. 32-3 at 3. Abraham's counsel advised State Farm that he was in the process of agreeing with Doe's counsel to pre-lawsuit mediation. ECF No. 32-5 at 2. Abraham and Doe subsequently submitted mediation briefs to JAMS. ECF No. 32-6; ECF No. 35-1. Abraham's counsel sent a follow-up letter to State Farm on July 15, 2020, asserting that State Farm owed a duty to defend Abraham against Doe's

claims and maintaining that all of the sexual interactions between Abraham and Doe were consensual. ECF No. 32-7 at 2–3.

On August 28, 2020, Doe sued Abraham in the Superior Court of San Francisco County. ECF No. 32-8 at 2. Doe alleged three instances of sexual misconduct relevant to the instant suit. First, Doe alleged that Abraham, while giving Doe a goodbye hug, "ripped her sweater off her body leaving her exposed in her bra." ECF No. 32-8 ¶ 10. Second, Doe alleged that Abraham "attacked her and forcefully raped her." *Id.* ¶ 15. Third, Doe alleged that Abraham "touched [her] between her legs in her vaginal area without her consent while she was sleeping." *Id.* ¶ 21. Doe brought claims for assault and battery, sexual assault and battery, negligence, harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* ¶¶ 16–42.

On September 14, 2020, State Farm denied coverage for Abraham's pre-lawsuit claim. ECF No. 32-9. State Farm wrote that it had reviewed Abraham's mediation brief and concluded that Abraham's claim was not covered by the Policies. *Id.* at 2. State Farm further requested that Abraham notify State Farm should he be served with a complaint and forward any pleadings. ECF *Id.* at 10. State Farm received no further communications from Abraham until he filed this lawsuit. ECF No. 35-1 ¶ 10; ECF No. 36-1 at 3.

Abraham incurred $347,908 in fees defending Doe's claims before and during the lawsuit, and he paid $740,000 to settle all of Doe's claims. ECF No. 31 ¶ 4; ECF No. 36-1 at 2. Abraham subsequently filed the instant suit against State Farm on March 14, 2022, ECF No. 1, alleging that State Farm breached its duty to defend Abraham under the Policies, ECF No. 18 ¶ 1. He brings claims for breach of contract, bad faith, and declaratory judgment. *Id.* ¶¶ 14–27. Abraham moved for summary judgment on February 28, 2023.[1] ECF No. 30. State Farm cross-moved for

---

[1] In Abraham's reply in support of his motion, he seeks to introduce the declaration of an expert witness. ECF No. 39. Abraham did not disclose this expert by the deadline, ECF No. 41-1 ¶ 2; *see* ECF No. 20, and Abraham has not argued that his discovery violation was either justified or harmless. Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court excludes this evidence. *See Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021). The Court also excludes the evidence for the separate and independent reason that it was presented for the first time on reply. "A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief." *Semper/exeter Paper Co. LLC*

1  summary judgment on March 23, 2023.[2]  ECF No. 34.  The Court took the motions under

2  submission without a hearing on April 24, 2023.  ECF No. 42.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

## III. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor."  *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).  The court must consider all evidence in the light most favorable to the non-moving party.  *Isbell v. City of San Diego*, 258 F.3d 1108, 1112 (9th Cir. 2001).  "[W]hen parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'"  *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (alteration in original) (quoting William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992)).

Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).  Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party satisfies

---

*v. Henderson Specialty Paper LLC*, No. SACV-09-0672-AG(MLGx), 2009 WL 10670619, at *2 (C.D. Cal. Sept. 21, 2009) (collecting cases).
[2] State Farm requests that the Court take judicial notice of several documents from the Abraham's and Doe's state court proceedings.  ECF No 37.  The Court denies the request because it finds those documents unnecessary to resolve the instant motions.

its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Id.* at 1102–03. That party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). It is not the duty of the court "to scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards*, 55 F.3d at 251). "[A] mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (quoting *Liberty Lobby*, 477 U.S. at 252, 249). If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV.    DISCUSSION

The parties advance a number of arguments in support of their respective motions, all of which turn on the question of whether Doe's claims against Abraham were potentially covered by the Policies. The policy language, the meaning of that language under California law, and the character of Doe's claims compel the conclusion that the claims were not covered.

### A.    Policy Language

The Renters Policy imposes on State Farm a duty to defend "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." ECF No. 32-2 at 16. It defines "occurrence" as "an accident" resulting in "bodily injury" or "property damage." *Id.* at 29. The Personal Liability Umbrella Policy imposes a duty to defend "[i]f a suit is brought against any insured for damages because of a loss to which this policy applies." ECF No. 32-1 at 11. It defines "loss" as "an accident" resulting in "bodily injury or property damage." *Id.* at 7. The Policies define "bodily injury" as "physical injury, sickness or disease to a person," and they exclude from that definition "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person." ECF No. 32-1 at 6–7; ECF No. 32-2 at 4. Abraham's claims against State Farm thus

4

1    turn on whether his alleged conduct constituted an accident that resulted in bodily injury to Doe.

2        **B.**    **California Law**

3        "As a general matter, the meaning of the term 'accident' in a liability insurance policy is settled in California." *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Construction Co.*, 5 Cal. 5th 216, 221 (2018). "[A]n accident is an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause. This common law construction of the term 'accident' becomes part of the policy and precludes any assertion that the term is ambiguous." *Id.* (quoting *Delgado Interins. Exch. Of Auto. Club of S. Cal.*, 47 Cal. 4th 302, 308 (2009)). The term "refers to the *conduct of the insured* for which liability is sought to be imposed." *Id.* (emphasis in original) (quoting *Delgado*, 47 Cal. 4th at 311). In other words, the term "does not apply to an act's consequences, but instead applies to the act itself." *State Farm Gen. Ins. Co. v. Frake*, 197 Cal. App. 4th 568, 580 (2011). Accordingly, "[a]n accident . . . is never present when the insured performs a deliberate act *unless* some additional, unexpected, independent, or unforeseen happening occurs that produces the damage." *Liberty Surplus Ins. Corp.*, 5 Cal. 5th at 494 (emphasis in original) (quoting *Merced Mut. Ins. Co. v. Mendez*, 213 Cal. App. 3d 41, 50 (1989)).

    "[C]ourts have in insurance cases rejected the notion that an insured's mistake of law or fact transforms a knowingly purposefully inflicted harm into an accidental injury." *Delgado*, 47 Cal. 4th at 1089. For example, in *Quan v. Truck Insurance Exchange*, 67 Cal. App. 4th 583, 593 (1998), the insured was sued for rape. The insured subsequently sued his insurer, alleging that his conduct constituted an accident under the policy because the plaintiff had consented to the conduct. *Id.* at 595. The Court of Appeal emphasized that "[a]n intentional act is not an accident even if it causes unintended harm," *id.* at 600 (citations omitted), such that another party's "consent, or lack thereof, cannot change the nature of the insured's deliberate acts," *id.* at 599. Even if the "insured was mistaken in his belief as to whether the claimant 'consented' to the touching, embracing, kissing, or sexual intercourse, there was still no additional happening constituting an 'accident' which caused the injury." *Id.* "The injurious physical contact may have been a 'mistake,' but it was no 'accident." *Id.*

Similarly, in *Merced v. Mutual Insurance Co. v. Mendez*, 213 Cal. App. 3d 41 (1989), the insured was sued for sexual assault. He claimed that his conduct was an accident because he believed that the victim had consented, *id.* at 51, but he conceded that he intended to engage in the acts themselves, *id.* at 48. The Court of Appeal held that this conduct did not constitute an accident because "[a]ll of the acts, the manner in which they were done, and the objective accomplished occurred exactly as appellant intended. No additional, unexpected, independent or unforeseen act occurred." *Id.* at 50. An event "may not be deemed an 'accident' merely because the insured did not intend to cause injury." *Id.*

And in *Lyons v. Fire Insurance Exchange*, 161 Cal. App. 4th 880, 884 (2008), the insured was also sued for sexual assault. He argued that the situation would constitute an accident had he "acted under the mistaken belief that [the victim] might not have rebuffed his advances." *Id.* at 655. Rejecting this argument, the Court of Appeal wrote,

> The best that can be said by [the insured] is that he labored under the misimpression that [the victim] would not rebuff his advances and would consent to his overtures. However, his mental miscalculation of her state of mind simply cannot transform his intentional conduct, done with full knowledge of all the objective facts, into an accident. Regardless of his misperception of consent, [the insured] intended his sexual advance and the accompanying unwanted detention that was the subject of [the victim]'s claim. Hence, there was no "accident" within the scope of the policy's coverage for personal injury.

*Id.* at 889. The caselaw is in accord. *See*, *e.g.*, *Frake*, 197 Cal. App. 4th at 580–81; *Fire Ins. Exch. v. Superior Ct.*, 181 Cal. App. 4th 388, 392–93 (2010); *Swain v. Cal. Cas. Ins. Co.*, 99 Cal. App. 4th 1, 9–10 (2002); *Morton by Morton v. Safeco Ins. Co.*, 905 F.2d 1208, 1211 (9th Cir. 1990); *Kogler v. State Farm Gen. Ins. Co.*, 291 F. Supp. 3d 1054, 1059 (N.D. Cal. Jan. 2, 2018); *Travelers Com. Ins. Co. v. Jennifer A.*, 699 F. App'x 607, 609 (9th Cir. 2017).

### C. Doe's Claims

Abraham devotes much of his briefing to arguing that Doe consented to his conduct or that there is a question of fact as to whether Doe consented to Abraham's conduct. Whether Doe consented is beside the point. The relevant question is whether Abraham intended to engage in the acts for which Doe sued him.

6

It is undisputed that Abraham intended to remove Doe's sweatshirt, ECF No. 35-1 at 4; ECF No. 32-6 at 4; ECF No. 36-3 at 7; ECF No. 36-4 at 7; that he intentionally engaged in sexual intercourse with Doe, ECF No. 35-1 at 5–6; ECF No. 32-6 at 3, 4; ECF No. 36-3 at 19–20, 22, 25–26, 29–30; ECF No. 36-4 at 9; and that Abraham intentionally touched Doe between her legs. ECF No. 35-1 at 7; ECF No. 32-6 at 4; ECF No. 36-3 at 32; ECF No. 36-4 at 11.  Because Abraham intended the outcome of his actions during each of these incidents, none of the incidents constitutes an "accident" under California law regardless of whether Abraham subjectively believed that Doe consented to those actions.  No "unexpected, unforeseen, or undesigned happening" occurred.  *Liberty Surplus Ins. Corp.* 5 Cal. 5th at 221.  As a result, Doe's claims against Abraham were not covered by the Policies.  Abraham's argument to the contrary misconstrues the applicable caselaw, relies on nonbinding and abrogated authority, and otherwise discusses cases that are inapposite.

### D.  Abraham's Claims

State Farm is entitled to judgment as a matter of law as to all of Abraham's claims because Doe's claims were not covered by the policies.  Doe's claims against Abraham did not trigger State Farm's duty to defend, so State Farm did not breach its contractual obligations to Abraham.  Because there was no potential for coverage and thus no duty to defend, State Farm did not act in bad faith.  *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995).  And in the absence of a potential for coverage, Abraham is not entitled to declaratory relief.  *See Delgado*, 47 Cal. 4th at 203.

### CONCLUSION

For the above reasons, Abraham's motion is denied, and State Farm's motion is granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  September 30, 2023

_____
JON S. TIGAR
United States District Judge